17RA-CV00161

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

## IN THE CIRCUIT COURT OF RANDOLPH COUNTY, MISSOURI

ERIC BREUSCH,                                     )
          Plaintiff,                        )
          vs.                               )
                                            )     Case No.: _____
PROGRESSIVE PREFFERED                             )
INSURANCE COMPANY,                                )
                                            )
AND                                               )
                                            )
NATHANIEL STRAUB,                                 )
                                            )
Defendants.                                       )

### PETITION

COMES NOW plaintiff, Eric Breusch, and for his causes of action against defendants Progressive Preferred Insurance Company and Nathanial Straub, and would state as follows:

### PARTIES

1.    Plaintiff Eric Breusch is an individual who resides in the City of Moberly, Randolph County, Missouri (hereinafter referred to as "Breusch").

2.    Plaintiff Nathaniel Straub (hereinafter referred to as "Straub") is an individual who resides in the City of Moberly, Randolph County, Missouri.  Mr. Straub can be served by consent and agreement through his counsel, Mr. Christian Faiella of Gump and Faiella.

3.    Defendant Progressive Preferred Insurance Company (hereinafter referred to as "Progressive" or "Progressive Insurance") is a foreign insurance company authorized to do business and is doing business in the State of Missouri, that may be served by delivering a copy of the summons and this Petition to Mr. John Huff, Director of the Missouri Department of Insurance, 301 West High Street, Room 530, Jefferson City, Missouri 65101.

# EXHIBIT A

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

4.     All the actions, inactions, facts and matters attributed to Progressive Insurance were done by its duly authorized agents or employees acting within the scope and course of their agency and/or their employment.

## JURISDICTION AND VENUE

5.     Venue for this cause of action is appropriate in Randolph County, Missouri pursuant to § 508.010 R.S.Mo.

6.     This court has jurisdiction pursuant to Article V, § 14 of the Missouri Constitution.

## FACTS COMMON TO ALL COUNTS

7.     Defendant Progressive Insurance issued a policy of insurance to Straub, and said policy was in full force and effect on September 15, 2015, and at all other times relevant.

8.     The policy provided coverage to Straub and Progressive Insurance reserved to itself the right to settle all claims.

9.     Eric Breusch was a pedestrian running along the side of a road on September 15, 2015, when a vehicle driven by Nathaniel Straub struck him.

10.     As a result of the collision, Breusch sustained serious personal injuries and suffered damages.

11.     On or about November 8, 2013, Breusch sent a written demand for settlement to defendant Progressive Insurance.  Progressive Insurance knew and or should have known that the injuries to Breusch were significant, that Straub was clearly liable for these injuries, and that pursuant to the duties it owed its insured, if it had any opportunity to resolve the claim within the policy limits, it must do so and protect its insured.

12.     Progressive Insurance failed to settle and/or refused to pay the claim.

2

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

13.     Breusch sued Straub for personal injuries in a Petition filed in the Circuit Court of Randolph County, Missouri, Cause No.: 13RA-CV01274.  Such claims were and are covered claims under the policy of insurance issued by Progressive Insurance.

14.     On the 30th day of April, 2015, Breusch obtained a judgment against Straub in the sum of Two Million Six Thousand Seven Hundred and Eighty-Nine Dollars ($2,006,789.00) and interest at a rate of 5.25% per annum.

15.     Progressive is bound by the judgment and its findings, in that Progressive defended Straub in the underlying proceeding and had a full and fair opportunity to litigate the underlying issues, Progressive participated in the proceeding and was in privity with Straub, and the underlying proceeding resulted in a judgment with the full knowledge and acquiescence of Progressive Insurance, as the result of an agreement entered into by between plaintiffs and defendant Progressive Insurance.  Further, such judgment was a direct and foreseeable result of Progressive Insurance's failure to protect its insured, failure to settle the case when given the opportunity, and/or its other failures set forth above and below.

16.     Following the entry of judgment, Progressive Insurance was obligated to pay the full verdict which had been rendered against its insured due to its conduct, including interest.  However, after entry of the judgment of April 30, 2015, on May 15, 2015, Progressive paid only Twenty Five Thousand Dollars ($25,000.00) of the judgment, and paid expenses in the amount of Six Thousand Seven Hundred Eighty Nine Dollars. ($6,789.00).  Progressive did not pay any interest due and owing and/or did not pay the full amount of the underlying judgment.

17.     After the judgment was entered, but before Straub assigned any claims to Breusch, Straub and his spouse declared bankruptcy, and listed Breusch as a judgment creditor.

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

18.     On or about February 5, 2016, Straub, by and through the trustee of the bankruptcy estate, and pursuant to order of the bankruptcy court, made an assignment of certain of Straub's claims against defendant Progressive Insurance to Breusch. Said assignment authorizes Breusch to pursue suit against Progressive for the unsatisfied portion of the judgment entered against Straub.

19.     Straub also retained his rights to the unassigned portion of his claims against defendant Progressive Insurance.

## COUNT I:   EQUITABLE GARNISHMENT (RSMO 379.200)

20.     Plaintiff incorporates paragraphs 1-19 of the petition as if fully set forth herein.

21.     Pursuant to Missouri Revised Statute § 379.200, Nathanial Straub is a necessary and proper party to this equitable garnishment action.

22.     At all times and places relevant herein, defendant Progressive Insurance was conducting business in Missouri.

23.     At all times relevant herein, defendant Progressive Insurance insured defendant Straub pursuant to a liability insurance policy described more fully below.

24.     On September 15, 2015, defendant Straub struck Eric Breusch with his car while Eric was running along the side of a road.  Due to this collision, Breusch sustained serious personal injuries and suffered damages.

25.     At the time of the collision, and all other times relevant, Straub was insured under a policy of insurance through defendant Progressive Insurance for his liability in striking Breusch with his car, and such policy was in full force and effect providing such liability coverage to Straub for the injury to Eric Breusch.  Such policy, policy number 25210731-6, carried a per person liability limit of $25,000.00 per person, and $50,000.00 per accident. See Exhibit 1, *Policy*, incorporated by

4

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

reference.

26.　　The policy of insurance further provided for additional payments for several other supplemental items, including pre and post-judgment interest. Exhibit 1, Page 3-4.

27.　　On April 30, 2015, Breusch obtained a judgment against Straub in the sum of Two Million Six Thousand Seven Hundred and Eighty Nine Dollars ($2,006,789.00). Please see Exhibit 2. Pursuant to the judgment, interest accrued from April 30, 2015 at a rate of 5.25% per annum. That judgment is final, and binding.

28.　　On May 15, 2015, Progressive paid a portion of the amount due under the policy of insurance. Specifically, Progressive paid Twenty Five Thousand Dollars ($25,000.00) of the judgment, and paid expenses in the amount of Six Thousand Seven Hundred Eighty Nine Dollars. ($6,789.00). Prior to this payment, any offer of the policy limits by Progressive was either not on a judgment, or was not an unconditional offer, and therefore did not cut off the running of post judgment interest under Missouri law.

29.　　Pursuant to the policy of insurance, attached as Exhibit 1, post-judgment interest is due and owing at a minimum from the entry of judgment until that time when Progressive tendered the $25,000.00 amount, along with $6,789.00 in costs on May 15, 2015.

30.　　From the date of entry of judgment to the receipt of partial payment of the judgment by Progressive, interest accrued for 15 days at a rate of 5.25 percent per annum. Pro-rating the yearly interest of $105,356.42 for a period of 15 days results in interest owed at the time of payment of an additional $4,329.72.

31.　　Pursuant to R.S.Mo. § 408.040, interest accrues on a judgment balance. The judgment balance is the total amount of the judgment awarded on the day the judgment is entered,

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

including all costs, fees, principal and prejudgment interest.

32.     Further, pursuant to R.S.Mo. 408.040, allocation of post judgment payments are to be applied first to costs, then post-judgment interest, and only after payment of those items, the judgment balance. Utilizing this statutory payment allocation, Progressive has still not tendered its full limits of $25,000 on the judgment, as $4,329.72 of the payment made was for recoverable post judgment interest. As such, interest continues to run from May 15, 2015 until Progressive has paid the due and owing $4,329.72 of the remaining limits of liability of its policy. Such interest continues to accrue at a rate of $105,356.42 per year, or $288.65 per day.

33.     Progressive has failed and/or refused to tender this owed and due amount, and/or satisfy the underlying portion of the judgment insured as set forth above for over one year.

34.     All of the aforesaid claims and judgment were and are covered under the policy issued to Straub. Despite having coverage for these losses, Progressive has not satisfied the judgment nor tendered all coverages under the applicable policy toward the judgment amount. More than thirty (30) days have elapsed since the judgment was entered, with Progressive not having paid the sums due in accordance with its policy of insurance.

35.     Pursuant to R.S. Mo. § 379.200, plaintiff as a judgment creditor is entitled to proceed against Progressive for payment of these covered claims and expenses, which were insured under the policy of insurance issued by Progressive to Straub, together with all interest, costs and other consequential damages. Further, pursuant to R.S. Mo. § 379.200, Straub is a necessary and mandatory defendant to this action.

36.     Pursuant to R.S. Mo. Section 379.200, the full $25,000 liability coverage and/or the statutory interest from entry of judgment until payment on May 15 represent insurance money that

is (a) available under the insurance policy that provides coverage to Straub, and (b) is due and owing to plaintiff Eric Breusch pursuant to his Judgment against Straub.

37.    Progressive has refused to pay these amounts due on the judgment.  Said amounts either individually or in combination or alternatively, constitute insurance money to which plaintiff is entitled to sue defendants pursuant to R.S. Mo. Section 379.200.

WHEREFORE, plaintiff prays judgment against Progressive Insurance in such sum as would fairly and reasonably compensate him for such interest as due and owing under the policy as set forth above, for his costs expended herein; pre-judgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances.

## COUNT II:  BAD FAITH FAILURE TO SETTLE

COMES NOW plaintiff and for Count II of his Petition against defendant Progressive Insurance, states and alleges:

38.    Plaintiff incorporates paragraphs 1 through 37 as if set forth at length herein.

39.    Plaintiff is entitled to bring this claim, and has standing to bring  a claim against defendant Progressive based upon the assignment identified above.

40.    Progressive Insurance in bad faith failed and refused to timely pay the policy limits of coverage so as to settle all claims arising from Breusch's injuries, and failed to protect and defend their insured in any way from claims arising from Breusch's injuries.

41.    Progressive Insurance further acted in bad faith by:

a.    Failing to settle Breusch's claim for the policy limits of liability coverage;

b.    Placing their financial self-interest ahead of their insured in violation of their fiduciary obligations;

7

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

    c.     Refusing to properly investigate the facts concerning Straub's liability for the accident, his potential financial exposure for Breusch's injuries and his coverage for said incident;

    d.     Taking multiple actions that were not in the best interest of their insured;

    e.       Failing to recognize and meet their fiduciary duties to Straub;

    f.     Failing to settle the claim within the policy limits when requested to by their insured; and

    g.     Failing to keep Straub informed regarding settlement issues so that he could take action to protect his financial interest.

42.    As a direct and proximate result of Progressive Insurance's bad faith conduct as set forth above as set forth above, Straub sustained damage, including but not limited to:

    a.     A $2,006,789.00 Judgment, plus post-judgment interest and costs; and

    b.     Emotional distress brought on by the filing of suit against him and from the entry of a $2,006,789.00 judgment against him.

WHEREFORE, plaintiff prays for judgment against Progressive Insurance in such sum as would fairly and reasonably compensate for all damages set forth above; for costs expended herein; pre-judgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances.

## COUNT III: NEGLIGENCE

COMES NOW plaintiff, and for Count III his Petition against defendant Progressive Insurance, states and alleges:

43.    Plaintiffs incorporate paragraphs 1 through 37 as if set forth at length herein.

8

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

44.    Pursuant to the contract of insurance entered into between Straub and Progressive Insurance, Progressive Insurance, required Straub to surrender all rights of negotiation and settlement.

45.    Pursuant to the contract of insurance, Progressive Insurance assumed certain duties toward Straub in the handling of any claims brought against him.

46.    Progressive Insurance, acting through its agents and employees, were negligent in fulfilling their duties of defense, claims handling and settlement owed to Straub in the following respects:

    a.    In failing to take action in the best interest of Straub;

    b.    In taking action contrary to the best interest of Straub;

    c.    In failing to meet reasonable demands of Breusch and his attorneys when such is the requirement of claims handlers seeking to protect their insured;

    d.    In failing to properly investigate the claims against Straub and determine both his liability and financial exposure;

    e.    In failing to cooperate with Breusch to seek resolution of the claim and protect Straub;

    f.    In failing to pay the full judgment entered against Straub, plus interest;

    g.    Failing to settle the claim within the policy limits;   and

    h.    Failing to keep Straub informed so that he could take action to protect his financial interest.

47.    As a direct and proximate result of Progressive Insurance's negligence as set forth above and breach of fiduciary duties as set forth above, Straub, sustained damage, including but not

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

limited to:

    a.    A $2,006,789.00 Judgment, plus post-judgment interest and costs; and

    b.    Emotional distress brought on by the filing of suit against him and from the
          entry of a $2,006,789.00 judgment against him.

WHEREFORE, plaintiff prays for judgment against Progressive Insurance in such sum as would fairly and reasonably compensate for all damages set forth above; for costs expended herein; prejudgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances.

## COUNT IV:  BREACH OF FIDUCIARY DUTIES

COMES NOW plaintiff, and for Count IV of his Petition against defendant Progressive Insurance, states and alleges:

48.    Plaintiffs incorporate paragraphs 1 through 37 as if set forth at length herein.

49.    Pursuant to the contract of insurance entered into between Straub and Progressive Insurance, Progressive Insurance required Straub to surrender all rights of negotiation and settlement.

50.    Pursuant to the contract of insurance, Progressive Insurance assumed certain fiduciary duties toward Straub in the handling of any claims brought against him.

51.    Progressive Insurance, acting through their agents and employees, breached these fiduciary duties to Straub in the following respects:

    a.    In failing to take action in the best interest of Straub;

    b.    In taking action contrary to the best interest of Straub;

    c.    In failing to properly investigate the Breusch claim against Straub and
          determine Straub's liability and excess exposure;

10

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

d.    In failing to meet reasonable demands of Breusch and his attorneys when such is the requirement of claims adjusters seeking to protect their insureds;

e.    In failing to settle the Breusch claim for the policy limits of liability coverage when given the opportunity;

f.    In failing to cooperate with Breusch to seek resolution of the claim and protect Straub;

g.    In failing to pay the full judgment entered against Straub plus interest;

h.    In refusing to protect Straub and his interest;

i.    Failing to settle the claim within the policy limits when it received a policy limits demand;

j.    Failing to properly monitor and control its employees and agents;

k.    Failing to keep Straub informed so that he could take action to protect his financial interest;

l.    Failing to properly handle and respond to settlement demands;

m.    Violating recognized industry claims handling practices and standards; and

n.    In taking action in the interest of Progressive Insurance, and not Straub, despite their fiduciary duty to place Straub's interest paramount, as required under Missouri law.

52.    As a direct and proximate result of Progressive Insurance's breach of fiduciary duties as set forth above, Straub, sustained damage, including but not limited to:

a.    A $2,006,789.00 judgment, plus post-judgment interest and costs; and

b.    Emotional distress brought on by the filing of suit against him and from the

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

entry of a $2,006,789.00 judgment against him.

WHEREFORE, plaintiff prays judgment against Progressive Insurance in such sum as would fairly and reasonably compensate for all damages set forth above; for costs expended herein; prejudgment interest and post-judgment interest on all sums awarded; and for such other relief as the Court deems appropriate under the circumstances.

## COUNT V:  PUNITIVE DAMAGES

COMES NOW plaintiff, and for Count V of their cause of action against defendant Progressive Insurance state and allege:

53.     Plaintiffs incorporate paragraphs 1 through 52 as if set forth at length herein.

54.     Progressive Insurance knew, in light of the surrounding circumstances, that their conduct would naturally and probably result in damage to Straub as set forth in the incorporated paragraphs above, and further in:

a.     Refusing to fully investigate Breusch's claim against Straub;

b.     Refusing to settle Breusch's claim against Straub;

c.     Intentionally refusing to cooperate with Straub and his attorney;

d.     Refusing to settle the claims against Straub, both before and after judgment, knowing that their bad faith conduct had exposed Straub to significant injury and damage;

e.     Failing to notify Straub of the offer of settlement so that he could take action to protect his financial interest;

f.     Refusing to protect their insured;

g.     Knowingly and intentionally violating recognized industry claims handling

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

standards;

h.    Knowingly and intentionally violating its obligations, duties and the provisions of Progressive Insurance's own claims manual;

i.    Failing to monitor and control its agents charged with protecting Straub;

j.    Taking actions specifically designed to place Straub in jeopardy, with the sole purpose of such actions to protect Progressive Insurance at the cost of Straub;

k.    Taking multiple actions in the interest of Progressive insurance, over Straub, having actual or constructive knowledge of the horrific consequences of such actions; and

l.    Breaching its fiduciary duties to Straub.

55.    Despite such knowledge, Progressive Insurance continued to intentionally engage in conduct in reckless disregard of the law and in reckless disregard of the consequences to Straub, all with sole regard for the company's own pecuniary interest, and with knowledge that its conduct would result in the financial ruination of Straub.

56.    Such conduct by Progressive Insurance is consistent with a pattern of conduct by defendant to refuse to negotiate in good faith while knowingly exposing its insureds to personal liability and financial ruination solely to garner more profit for the corporate coffers.

57.    The conduct of Progressive Insurance, and each of their employees and agents conduct from which malice may be inferred; it is conduct that is wrongful and without just cause and excuse; it is conduct that was engaged in with knowledge of its wrongful nature and of the tremendous financial damage that would be inflicted upon its insured, Straub, and it is conduct warranting the award of punitive damages.

13

WHEREFORE, plaintiff prays this Court to enter judgment in his favor and against Progressive Insurance for punitive damages, in an amount that fairly and reasonably punish Progressive Insurance for their wrongful conduct and in an amount that will deter other insurance carriers from like conduct, together with interest, costs, and all other relief the Court deems appropriate under the circumstances.

### REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

**STRONG-GARNER-BAUER, P.C.**

Steve Garner – MO Bar # 35899
Jeff Bauer – MO Bar #48902
Strong-Garner-Bauer, P.C.
415 E. Chestnut Expressway
Springfield, MO 65802
Phone 417-887-4300
Fax 417-887-4385
sgarner@stronglaw.com
jbauer@stronglaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed via **ECF**, forwarded via **EMAIL** and **U.S. MAIL** to counsel for defendant Straub, and forwarded via **U.S. MAIL** to Cole County Sheriff for service on defendant Progressive Insurance, as prescribed by law, on this 24th day of February, 2017:

Christian Faiella – MO Bar # 45684
Gump & Faiella
110 North 5th Street
Moberly, MO 65270
Phone 660-263-3100/800-264-3455
Fax 660-263-0660
cfaiella@tgflaw.com
*Attorney for Nathaniel Straub*

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM

Cole County Sheriff
**ATTN: CIVIL PROCESS**
P.O. Box 426
Jefferson City, MO 65102
Phone 573-634-9163

**STRONG-GARNER-BAUER, P.C.**

Electronically Filed - Randolph - February 24, 2017 - 01:48 PM