UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BREUSCH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:17CV19 HEA |
| | ) | |
| PROGRESSIVE PREFERRED INSURANCE | ) | |
| COMPANY and NATHANIEL STRAUB, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | | |
| | | |
| NATHANIEL STRAUB, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 2:17CV23 HEA |
| | ) | |
| PROGRESSIVE PREFERRED INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC BREUSCH, | ) | |
| | ) | |
| Third Party Counterclaim Defendant. | ) | |

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on the pending motions to dismiss, to remand

and alternatively to stay.  For the reasons set forth below, the motion to remand is

granted.  The request to stay is granted, and the Motions to Dismiss are denied.

**Facts and Background**

This matter is composed of two consolidated cases. The cases involve litigation stemming from a personal injury suit brought in state court by Plaintiff against Defendant Straub. Prior to filing suit, Plaintiff sent a written demand to Defendant Progressive to settle his claim. Progressive did not settle the claim, and Plaintiff alleges it refused to pay the claim.

On April 30, 2015, Plaintiff obtained a judgment against Straub in the amount of Two Million Six Thousand Seven Hundred and Eighty-Nine Dollars (2,006,789.00), plus interest at a rate of 5.25% per annum.

After the judgment was entered, Straub and his wife filed bankruptcy and listed Plaintiff as a judgment creditor. On February 5, 2016, Straub, through the bankruptcy trustee made an assignment of certain of Straub's claims against Defendant Progressive to Plaintiff. The assignment authorizes Plaintiff to pursue suit against Defendant Progressive for the unsatisfied portion of the judgment entered against Straub.

Plaintiff filed an equitable garnishment claim against Progressive and Straub in state court, pursuant to RSMo Section 379.200. This suit also includes claims of bad faith, and breach of fiduciary duty. Defendant Straub also filed an action against Progressive seeking a declaratory judgment ordering Progressive to produce the entire claims file of the claim filed by Breusch. Straub also sought attorneys' fees and punitive damages in his declaratory judgment action.

Progressive removed both the garnishment suit and the declaratory judgment action to this Court. Progressive also filed a counterclaim for declaratory judgment against Straub and, through joinder, Breusch. The declaratory judgment action seeks a declaration from this Court that it acted lawfully, reasonably and consistently with the terms of the Insurance Policy it issued insuring Straub in the amount of $25,000 limit for bodily injury, in its handling of the Breusch claim and lawsuit. It also seeks a declaration that it is not liable to Breusch or Straub for any damages claimed or contemplated in the Settlement Agreement, in the bankruptcy case or in any judgment entered in the underlying lawsuit in excess of the bodily injury limits of $25,000. The parties moved to consolidate these suits, which the Court has granted.

Straub moved to voluntarily dismiss his claim for the claim file on February 28, 2017. No objections were filed, and the Court granted the Motion on March 6, 2017.[1]

Breusch and Straub have moved to dismiss the declaratory judgment suit. Upon review of the claims and the record, the Court concludes that the garnishment case was improperly removed and should be remanded. The declaratory judgment action should be stayed in deference to the garnishment claim that will be litigated in state court.

---

[1] This case was originally filed in the Western District of Missouri. The Honorable Nanette Laughrey granted the Motion to Transfer to this Court on April 7, 2017.

## Discussion

Motion to Remand

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clem co Industries,* 823 F.2d 214, 216 (8th Cir.1987). Because this action has been removed from state court to this Court, the party seeking to invoke diversity jurisdiction is the defendant. "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1993). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir.2007). If the Court determines that it does not have jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

"In order for a federal court to have original diversity jurisdiction over an action, the action must be between 'citizens of different states.'" ***American States Ins. Co.,*** 2008 WL 163588, at *3**;** 28 U.S.C. § 1332(a). There must be complete diversity. ***Id .*** In cases involving multiple plaintiffs and/or multiple defendants, if

any one plaintiff and any one defendant are citizens of the same state, there is not complete diversity.

The citizenship of the parties is as follows. Breusch is a citizen of Missouri. Defendant Straub is a citizen of Missouri. Progressive is an Ohio corporation with its principal place of business in Ohio.

In order for a federal court to have original diversity jurisdiction over an action, the action must be between "citizens of different states." 28 U.S.C. § 1332(a). Complete diversity is required. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005). In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same state as a single defendant results in incomplete diversity and a lack of jurisdiction. *Id.* In the present equitable garnishment case, the parties are as follows: Breusch as plaintiff, Straub as a defendant, and Progressive as a defendant. There is not complete diversity because Plaintiff Breusch and Defendant Straub are both citizens of Missouri.

In an attempt to correct this lack of diversity Progressive argues that the garnishment action is not proper because it has paid the limits of its insurance policy, which insured Straub, to Breusch, plus taxable costs. It argues, therefore that the garnishment action is illegitimate and without reasonable basis in law or

fact.  Breusch argues that he is entitled to interest on the judgment, and therefore, the equitable garnishment action is proper.

Even if Straub is dismissed, complete diversity is still lacking. Under Federal law, in a direct action against an insurer, the insurer is deemed to be a citizen of the same state as its insured if the insured is not joined as a party-defendant. *See* 28 U.S.C. § 1332(c)(1)("in any direct action against the insurer of a policy ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen ..."). This case is an equitable garnishment action brought under R.S. Mo. § 379.200. Such a suit is a "direct action" against an insurer for purposes of 28 U.S.C. § 1332(c)(1). *Prendergast v. Alliance Gen. Ins. Co.,* 921 F.Supp. 653, 655 (E.D.Mo.1996).   As a result, whether or not Straub remains a defendant in this matter is of no consequence since the complete diversity requirement of § 1332(a) is not met and the matter must be remanded.  Any objections to the merits of the garnishment action must be addressed by the state court since this Court's initial inquiry is based on jurisdiction, which the Court has determined is lacking.

**Declaratory judgment action**

Progressive seeks a determination that it has satisfied its obligations under the policy insuring Straub, the tortfeasor.

Progressive alleges in its complaint that it has paid the limits of liability, $25,000 to Breusch, plus taxable costs, and therefore it is not required to pay any excess judgment. The state court garnishment action will address the exact issue presented to this Court, whether Progressive owes anymore under the policy and whether its actions were taken in bad faith or were a breach of any duties it owed Straub.

A federal court has discretion in determining whether to abstain from hearing a declaratory action. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 290 (1995). The Supreme Court stated that " '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* at 282 (quoting *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495 (1942)).

In deciding whether to stay the federal action a court should consider "'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Id.* A court should also examine "the scope of the pending state court proceeding and the nature of defenses open there.... This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether

necessary parties have been joined, whether such parties are amenable to process in that proceeding...." *Id.* at 283 (internal quotations omitted).

The present declaratory judgment concerns the interpretation of coverage under an insurance contract and is purely a matter of state law. That issue will be litigated by Progressive as a defense to Breusch's state law equitable garnishment suit. That suit will be pending again in state court upon the entry of this order. Breusch, Straub and Progressive are already parties to the state garnishment suit. When a state court is in a better position to adjudicate a state law matter, permitting a federal action to proceed would be unnecessarily duplicative and uneconomical. *Capitol Indemnity Corp. v. Haverfield,* 218 F.3d 872, 875 (8th Cir.2000).

The Court finds that the present declaratory judgment should be stayed pending the outcome of the state court case. *See Royal Indemnity Co. v. Apex Oil Co.,* 511 F.3d 788, 798 (8th Cir. 2008)("where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case ... fails to resolve the matter in controversy.")(quoting *Wilton,* 515 U.S. at 288)).

Defendants have also moved to dismiss for a failure to state a claim. Defendants assert that the complaint fails to assert sufficient facts to state an actual

controversy. The complaint contains enough information to state a claim under the broad pleading standards of Fed.R.Civ.P. 8.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand No. 2:17CV19 HEA [Doc. No. 14] is **GRANTED.**

**IT IS FURTHER ORDERED** that Case No. 2::17CV19 HEA is **REMANDED** to the Circuit Court of Randolph County, Missouri.

**IT IS FURTHER ORDERED** that Defendant Progressive's alternative request to stay, in response to the Motions to Dismiss in Cause No. 2:17CV23 HEA is **GRANTED.** The Clerk of Court shall administratively close this matter. The parties shall notify the Court of the resolution of the state court equitable garnishment proceeding in a timely matter. Further Court action in this matter will be determined after such notice.

**IT IS FURTHER ORDERED** the Motions to Dismiss in Case No. 2::17CV23 HEA [Doc. Nos. 14, 17 and 37] are **DENIED.**

Dated this 8th day of December, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE